IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTINA THOMAS                *

     Plaintiff                 *

       v                  *        Civil Action No. DKC-16-3908

BALTIMORE CITY WOMEN'S     *
DETENTION CENTER,
SGT. OLIVER,                *
BETTY JOHNSON,
NICOLE JACKSON,          *
TIARA THOMAS, and
TIA GILES                *

     Defendants          *
                          ***

## MEMORANDUM OPINION

Pending in the above-captioned case are a motion to dismiss filed on behalf of Defendant Baltimore City Women's Detention Center (ECF No. 10); Plaintiff's motions to extend response time (ECF No. 17) and to withdraw civil action without prejudice (ECF No. 18); and defense counsel's motions to seal (ECF No. 23) and to withdraw acknowledgment of service (ECF No. 24). Each of the motions filed is addressed herein.

Motion to Dismiss

The Baltimore City Women's Detention Center (hereinafter "the Detention Center"), is the correctional facility where the alleged assault by the named Defendants occurred. ECF No. 1 at p. 1. The Detention Center was included in the caption of the complaint, which was filed pursuant to 42 U.S.C. § 1983. The text of the statute provides that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the

Constitution and laws, shall be liable to the party injured . . ."  42 U.S.C. § 1983 (emphasis

supplied).  Defendant Detention Center argues that it is not a person and therefore cannot be

held liable for the conduct of state officials working there.  ECF No. 10.

Plaintiff has not responded to the Defendant Detention Center's motion to dismiss;

however, review of the complaint reveals that it does not appear to have been her intention to

name the Detention Center as a defendant.  Plaintiff's complaint includes "Responsible Parties"

where she lists Warden Betty Johnson, Facility Administrator Nicole Jackson, Sgt. Oliver,

Officer T. Thomas, and Officer T. Giles as having violated her Eighth Amendment rights.  ECF

No. 1 at p. 5.  She does not include the Detention Center in that list.  *Id.*

Plaintiff filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which

permits an indigent litigant to commence an action in this court without prepaying the filing fee.

To guard against possible abuses of this privilege, the statute requires dismissal of any claim that

is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C.

§ 1915(e)(2)(B)(i) and (ii).  This court is mindful, however, of its obligation to liberally construe

self-represented pleadings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a

complaint, the factual allegations are assumed to be true.  *Id*. at 93 (citing *Bell Atlantic Corp*. *v.*

*Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that

this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable

claim.  *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City*

*of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up

questions never squarely presented.").  In making this determination, "[t]he district court need

not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less

stringent standards than pleadings drafted by attorneys and must read the complaint liberally."
*White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Liberally construing the instant complaint, it is clear that the Detention Center was not an intended Defendant. The motion to dismiss (ECF No. 10) filed on behalf of the Detention Center will therefore be granted and Plaintiff's motion to extend response time (ECF No. 17) will be denied as moot.

<u>Service on the Remaining Defendants</u>

Counsel for the Detention Center filed a Notice of Acceptance of Service on behalf of Defendants Giles, Jackson, Oliver, and Thomas on April 12, 2017 (ECF No. 19) and thereafter entered her appearance on their behalf (ECF No. 22). Because Defendant Warden Betty Johnson no longer works at the Detention Center, her home address was filed under seal (ECF No. 20) and a sealed summons (ECF No. 21) was issued pursuant to this court's Order of February 21, 2017 (ECF No. 16).

Counsel has now filed a motion to withdraw the acknowledgment of service (ECF No. 24) and has provided Defendant Tia Giles' home address under seal (ECF No. 23). Counsel states that the acknowledgment of service was prematurely and improvidently filed as it had not yet been determined if any of the unserved defendants were entitled to or were seeking representation by the Attorney General's office. ECF No. 24. Counsel seeks the following relief: acceptance of service by the Attorney General on behalf of Sgt. Oliver and Tia Giles be stricken and withdrawn;[1] the appearance of Brian Frosh and Laura Mullally be stricken for Oliver and Giles; service of process as to Giles be made at her last known home address provided under seal; and that the Attorney General's office be given additional time to and

---

[1] Counsel notes that efforts to determine which "Sgt. Oliver" is intended to be named as a Defendant are ongoing.

including July 23, 2017, to complete its investigation into whether representation of said defendants will be requested of its office. *Id*. at p. 4.

The last paper filed by Plaintiff in this matter was received on February 21, 2017, and seeks to voluntarily dismiss the complaint without prejudice so that Plaintiff can complete her research into how best to state the claims asserted. ECF No. 18. Plaintiff indicates in the motion to withdraw that she is overwhelmed by the number of papers and notices she has received from counsel and the Clerk of this court. *Id*. She further indicates that if the motion to extend response time, filed on the same day, is not granted, she wishes to withdraw the complaint. *Id*. As indicated herein, the motion to extend response time will be denied as moot; however, dismissal of the Detention Center from the case does not affect the claims remaining against the other named defendants who have yet to be served.

The motion to withdraw acknowledgment of service (ECF No. 24) will be granted with respect to the request to strike counsel's appearance. Before further efforts are made to serve Defendant Giles at the court's expense, Plaintiff will be required to notify the court whether she wishes to proceed with service of the complaint or if she wants to voluntarily dismiss it. Plaintiff is forewarned that failure to provide a response will be construed as her consent to voluntarily dismiss the Complaint.

A separate Order follows.


June 12, 2017                                   _____/s/_____
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge